IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AAMCO TRANSMISSIONS, INC.** | : | CIVIL ACTION |
| | : | |
| **Plaintiff,** | : | |
| | : | 10-cv-4696 |
| v. | : | |
| | : | |
| **ROBERT A. DeVRIES** | : | Jury Trial Demanded |
| | : | |
| **Defendant.** | : | |

### DEFENDANT ROBERT A. DeVRIES' ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant Robert A. DeVries ("DeVries") files his answer to the complaint of plaintiff AAMCO Transmissions, Inc. ("ATI") as follows:

### ANSWER

DeVries expressly reserves the right to plead any and all additional defenses available under the law as discovery progresses.

DeVries responds to the individually numbered paragraphs in ATI's complaint as follows:

1. Admitted.

2. Admitted.

3. DeVries denies allegations in paragraph 3, but consents to jurisdiction in Pennsylvania.

4. DeVries denies allegations in paragraph 4, but consents to venue in this District.

### BACKGROUND

5. DeVries lacks knowledge or information sufficient to form a belief to the allegations contained in this paragraph and, therefore, denies those allegations.

1

6. Admitted.

7. DeVries lacks knowledge or information sufficient to form a belief to the allegations contained in this paragraph and, therefore, denies those allegations.

8. DeVries lacks knowledge or information sufficient to form a belief to the allegations contained in this paragraph and, therefore, denies those allegations.

9. DeVries lacks knowledge or information sufficient to form a belief to the allegations contained in this paragraph and, therefore, denies those allegations.

10. It is admitted DeVries entered into an agreement with ATI in November, 1997 to operate a transmission repair center.  Based on information and belief, Exhibit A appears to be the franchise agreement.

11. DeVries denies the allegations in paragraph 11.

12. DeVries denies the allegations in paragraph 12.

13. DeVries admits receiving the letter shown in Exhibit B, but denies the characterization the letter.  DeVries denies he refused or failed to do anything required under the terms of his agreement with ATI.

14. DeVries admits receiving the letter shown in Exhibit C, but denies the characterization the letter.  DeVries denies he refused or failed to do anything required under the terms of his agreement with ATI.

15. Denied as stated.

16. To the extent the allegations in this paragraph constitute conclusions of law, said allegations are denied.  It is admitted DeVries has continued to use the AAMCO trademark, other

ATI materials and the telephone number.  It is denied DeVries is no longer authorized to use the AAMCO trademark, other ATI materials and the telephone number.

### Count 1 – Trademark Infringement

17. DeVries hereby incorporates his above answers to the allegations in paragraphs 1-16.

18. The allegations in this paragraph are denied as conclusions of law.  Furthermore, DeVries specifically denies he breached the Franchise Agreement and that any of his rights under the Agreement have been extinguished.

19. The allegations in this paragraph are denied as conclusions of law.  Furthermore, DeVries specifically denies he breached the Franchise Agreement and that any of his rights under the Agreement have been extinguished.

20. DeVries denies the allegations in paragraph 20.

21. DeVries denies the allegations in paragraph 21.

22. DeVries denies the allegations in paragraph 22.

23. DeVries denies the allegations in paragraph 23.

24. DeVries denies the allegations in paragraph 24.

25. DeVries denies the allegations in paragraph 25.

26. DeVries denies the allegations in paragraph 26.

### Count II – Breach of Franchise Agreement – Specific Performance

27. DeVries hereby incorporates his above answers to the allegations in paragraphs 1-26.

28. DeVries denies the allegations in paragraph 28.

29. DeVries admits he continues to operate a transmission repair business. The remaining allegations are denied.

30. DeVries denies the allegations in paragraph 30. To the contrary, DeVries' stellar record as an AAMCO franchisee has helped create goodwill for ATI's AAMCO trademark.

31. DeVries denies the allegations in paragraph 31. To the contrary, DeVries' stellar record as an AAMCO franchisee has helped create goodwill for ATI's AAMCO trademark.

32. DeVries denies the allegations in paragraph 32.

### Count III – Common Law Unfair Competition

33. DeVries hereby incorporates his above answers to the allegations in paragraphs 1-32.

34. DeVries denies the allegations in paragraph 34.

35. DeVries denies the allegations in paragraph 35.

36. DeVries denies the allegations in paragraph 36. To the contrary, DeVries' stellar record as an AAMCO franchisee has helped create goodwill for ATI's AAMCO trademark.

37. DeVries denies the allegations in paragraph 37.

### Count IV – Costs and Attorney's Fees

38. DeVries hereby incorporates his above answers to the allegations in paragraphs 1-37.

39. DeVries denies the allegations in paragraph 39.

40. DeVries denies the allegations in paragraph 40.

41. DeVries lacks sufficient knowledge or information to form a belief as to the allegation in this paragraph and, therefore, it is denied.

42. DeVries lacks sufficient knowledge or information to form a belief as to the allegation in this paragraph and, therefore, it is denied.

### Count V – Declaratory Judgment

43. DeVries hereby incorporates his above answers to the allegations in paragraphs 1-42.

44. Denied as a conclusion of law.

45. Admitted

46. DeVries denies the allegations in paragraph 46.

47. DeVries denies the allegations in paragraph 47.

48. DeVries denies the allegations in paragraph 48.

49. DeVries denies the allegations in paragraph 49.

50. DeVries denies the allegations in paragraph 50.

51. DeVries denies the allegations in paragraph 51.

## Prayer for Relief

WHEREFORE, having fully answered ATI's complaint, DeVries prays that:

a. ATI's complaint be dismissed with prejudice;

b. ATI be awarded no damages;

c. ATI's requests for injunctive relief and a declaratory judgment be denied;

d. DeVries be awarded his costs and fees, including reasonable attorneys' fees incurred to defend this action; and

e. DeVries be awarded such other relief as the Court deems appropriate.

## AFFIRMATIVE DEFENSES

1. Some or all of the claims set forth in ATI's complaint are barred, in whole or in part, by the applicable statute of limitations.

2. ATI's claims are barred by the doctrine of waiver.

3. ATI's claims are barred by the equitable doctrine of laches.

4. ATI' claims are barred by the equitable doctrine of estoppel.

5.  ATI has failed to mitigate its damages.

6.  Any alleged injury suffered by ATI did not result from and was not proximately caused by any act or omission, or any wrongful conduct on the part of DeVries.

7. ATI's claims are barred by the doctrine of accord and satisfaction.

|  |  |
|---|---|
|  | Respectfully submitted |
| Date: November 18, 2010 | /FrankAMazzeo/ |
|  | Frank A. Mazzeo, Esquire |
|  | RYDER, LU, MAZZEO & KONIECZNY LLC |
|  | 808 Bethlehem Pike, Suite 200 |
|  | Colmar, PA 18915 |
|  | 215-997-0248 (p) |
|  | 215-997-0266 (f) |
|  | fmazzeo@ryderlu.com |

## CERTIFICATE OF SERVICE

I, Frank A. Mazzeo, Esquire certify a true and correct copy of the foregoing Answer to Complaint and Affirmative Defenses was served this date via e-mail/electronic filing upon the following counsel:

William B. Jameson
201 Gibraltar Road
Suite 150
Horsham, PA 19044
wjameson@cottman.com
215-643-5885
Attorney for plaintiff
AAMCO Transmissions, Inc.

       /FrankAMazzeo/
       Frank A. Mazzeo, Esquire

Dated:  November 18, 2010